[L. A. No. 17914. In Bank.—Oct. 1, 1941.]

PAUL PEARLIN, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Paul Pearlin, *in pro. per.*, for Petitioner.

W. Eugene Craven for Respondent.

THE COURT.—Petitioner was cited to appear before a local administrative committee of The State Bar and to show cause why he should not be disciplined for professional misconduct growing out of the alleged violation of his oath and duties as an attorney and the commission of acts involving moral turpitude within the meaning of sections 6103 and 6106 of the State Bar Act. At the conclusion of its hearing, the local committee made findings of fact and recommended disbarment. The Board of Governors adopted the findings and has recommended to this court that petitioner be disbarred from the practice of the law. Petitioner does not challenge the findings or the sufficiency of the evidence to support them. In his petition he states that this court "in fair justice to the state and the complainant could not overlook the gravity of the offense of the petitioner" but he urges that disbarment is "harsh and oppressive" and that "a period of suspension would be sufficient."

At the hearing before the committee petitioner frankly admitted that he had deliberately commingled the funds of a client with those of his own and had deliberately, and not inadvertently, expended the same at night clubs and bars in an effort, he states, to impress a third person whom he then regarded as a prospective client. The funds so improperly commingled and expended represented the proceeds of a draft in the amount of $130 payable to the client for damages to her automobile and by her endorsed in blank to petitioner to be used by him for the express purpose of purchasing a new automobile for said client. The money was repaid by petitioner only after the client had reported his action to The State Bar.

In addition to confessing freely his misconduct, petitioner also admitted his familiarity at the time with the rules of professional ethics which prohibit the commingling and misuse of a client's funds. He stated to the committee that "I don't

feel, truthfully speaking, that I'm entitled to a lot of consideration.''

The record further discloses that previously petitioner had been privately reproved for commingling the funds of another client delivered to him to defray the costs of certain litigation and for which he subsequently issued a check to the county clerk when there were insufficient funds to cover the same.

In the light of petitioner's admissions, covering his present and past misconduct, we are satisfied with the findings and recommendation of the local committee and the Board of Governors. While petitioner is a comparatively young man who had been practicing only approximately five years, his misconduct by his own statement was not the result of inexperience or inadvertence but was the deliberate act of one fully cognizant of its impropriety. His testimony merely serves to explain where and why he expended his client's money. It offers nothing by way of justification or mitigation. █ Petitioner is not entitled to any indulgence by reason of restitution of moneys wrongfully retained, especially where such restitution is made merely as a matter of expediency and under pressure. (*Maggart* v. *State Bar,* 7 Cal. (2d) 495, 502 [61 Pac. (2d) 451].) In our opinion disbarment is warranted under the facts and circumstances disclosed by the record.

It is therefore ordered that petitioner, Paul Pearlin, be disbarred from the practice of law in this state and that his name be stricken from the roll of attorneys, effective thirty days after the filing hereof.

CARTER, J., Dissenting.—I dissent. While great weight should be given to the recommendation of the Board of Governors of The State Bar as to the discipline to be administered to the members of the bar who are found guilty of unprofessional conduct, it is obvious that the members of this court in reviewing a disciplinary proceeding are in substantially the same position as the Board of Governors with respect to the extent of the discipline to be administered, and in my opinion, the members of this court should exercise their independent judgment as to whether or not the discipline recommended by the Board of Governors is commensurate with the nature of the dereliction of the member of the bar in

each case. At least, this has been the policy of this court in the past in cases of this character.

In the instant case, I am of the opinion that in view of the age and inexperience of petitioner, the smallness of the amount involved, the repayment of the money misappropriated by him, and the frank and open disclosure by him of his misconduct, the ends to be served by disciplinary measures would be served by suspension of petitioner's right to practice law for a definite period rather than permanent disbarment.

While it may be impossible to arrive at a very high degree of uniformity in administering discipline in cases of this character, I believe that an attempt should be made to do so. A review of similar cases decided by this court where discipline has been administered convinces me that disbarment of this petitioner is clearly out of line with the discipline administered in such cases, and I am of the opinion that the suspension of petitioner from the practice of law for the period of two years is adequate punishment to be inflicted upon him for the misconduct committed by him which is the subject of this proceeding.