[L. A. No. 27184. In Bank. June 18, 1963.]

PAUL PEARLIN, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Paul Pearlin, in pro. per., and Sidney Broffman for Petitioner.

Garrett H. Elmore and Herbert M. Rosenthal for Respondent.

THE COURT.—Petitioner seeks a review of the recommendation of the Board of Governors that he be disbarred. In fixing the degree of discipline the board took into con-

sideration that petitioner had been previously reproved in 1939 and had been disbarred in 1941 for the same type of misconduct as that involved here. (*Pearlin* v. *State Bar*, 18 Cal.2d 682 [117 P.2d 341].) He was reinstated in 1946.

█ Thomas Brennen employed petitioner to bring an action to foreclose a mortgage, and petitioner received from the debtor six checks, five of which were made payable to the order of Brennen. He signed Brennen's name to the five checks made payable to Brennen, deposited the proceeds in his personal bank account, and converted them to his own use. Petitioner claims that Brennen's wife had given him permission to sign her husband's name to the checks, but she denied telling petitioner that he could do so.

The sixth check was made payable to petitioner for Brennen's account. Petitioner claims that it was his understanding that this check was to be applied on account of his fees, but Brennen testified that he never told petitioner that the proceeds of the check could be so applied. This check was deposited in petitioner's personal bank account which was thereafter reduced to less than the amount of the check.

Petitioner made restitution to Brennen, but this fact does not preclude his disbarment. His misconduct was of a highly serious nature, and, as we have seen, it was a repetition of the same type of conduct for which he was previously disbarred.

It is ordered that petitioner be disbarred from the practice of law in the state and his name stricken from the roll of attorneys effective 30 days from the filing hereof.